IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| DAVID LEVENSTAM, | : | |
| Plaintiff, | : : | Case No. _____ |
| v. | : : | **COMPLAINT** |
| PURDUE UNIVERSITY GLOBAL, INC. | : : : | |
| Defendant. | : : : | |
| | : | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, Title I of the Civil Rights Act of 1991, and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) to correct unlawful employment practices on the basis of disability and to provide appropriate relief to David Levenstam ("Plaintiff"). Plaintiff, by and through his undersigned counsel, brings this Complaint against Purdue University Global, Inc. ("Defendant") for violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 as a result of Defendant's discriminatory treatment of Plaintiff, a dedicated educator with a long-standing record of professional excellence, who was demoted based on behaviors directly tied to his known disabilities. Defendant failed to engage in or offer any form of reasonable accommodation before imposing discipline, and Defendant's conduct constitutes a violation of the ADA and the Rehabilitation Act of 1973, and Plaintiff seeks declaratory, injunctive, monetary relief, and all other relief deemed proper to remedy the violations of his rights under federal law.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The Court may grant declaratory relief and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201 and 2202 and may grant equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C. § 12188(b)(2).

3.      Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Lafayette Division.

## PARTIES

4.      Plaintiff David Levenstam is an adult individual and, at all relevant times, was employed by Defendant in this District.

5.       At all times relevant to this Complaint, Defendant is an institution of higher education and an employer and covered entity within the meaning of 42 USC § 12111(2), conducting business in this District. Defendant receives federal funding.

## ADMINISTRATIVE EXHAUSTION

6.    Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination and failure to accommodate, Charge No. 470-2023-04885.

7.    On or about March 24, 2025, Plaintiff received a Notice of Right to Sue from the EEOC. (See Exhibit "A" attached hereto.)

8.    Plaintiff files this action within 90 days of receiving that Notice, satisfying all administrative prerequisites.

## FACTUAL ALLEGATIONS

9.    Plaintiff began his employment with Defendant (or its predecessor, Kaplan University) in July 2009.

10.    During the relevant time, Plaintiff was a qualified individual with a disability under the ADA. Specifically, Plaintiff has documented disabilities, including ADHD, anxiety, PTSD, OCD, and depression. These conditions substantially limit one or more major life activities, including concentrating, communicating, speaking clearly, sleeping, and working, as defined by 42 U.S.C. § 12102(2)(A). Plaintiff's impairments are chronic and well-documented.

11.    Despite the documented disabilities of which Defendant was aware, Plaintiff was a qualified individual under the meaning of 42 U.S.C. § 12111(8) and could perform the essential functions of his position as a dedicated educator with a long-standing record of professional excellence, with or without accommodation at Defendant's facility.

12.    Defendant was aware of Plaintiff's disabilities in some capacity since 2019 and had previously been informed of their outward manifestations and related medication side effects, including but not limited to slurred speech.

3

13. On January 24, 2023, a student submitted a complaint alleging that Plaintiff was slurring his speech and may have been drinking.

14. Plaintiff informed the Defendant that the complaint stemmed from a misperception of his known disabilities and the slurred speech was a side effect of the medication related to his disability.

15. Despite Plaintiff's immediate explanation that the incident stemmed from known side effects tied to his documented disabilities, Defendant failed to pause or investigate the possibility of accommodation. Instead, Defendant initiated disciplinary proceedings without engaging in the interactive process required under 42 U.S.C. § 12112(b)(5)(A).

16. Plaintiff was demoted on March 17, 2023, effective March 19, 2023.

17. Defendant failed to engage in an interactive process with Plaintiff or provide reasonable accommodations.

18. Plaintiff provided documentation proving that Defendant had been on notice of his disabilities since at least 2019.

19. Defendant nonetheless finalized the demotion, stating that no formal accommodations had been implemented and thus rejecting Plaintiff's request to be reinstated to his previous position.

20. The effect of the practices mentioned above in paragraphs 10-19 above has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected the terms and conditions of his employment because of his disability.

21. The unlawful employment practices complained of in paragraphs 10-19 above were intentional.

22.     The unlawful employment practices complained of in paragraphs 10-19 above were done with malice and reckless indifference to Plaintiff's federally protected rights.

23.     Plaintiff's demotion was discriminatory, stemming directly from perception of the symptoms of his disabilities and Defendant's failure to engage in the accommodation process.

## CLAIMS FOR RELIEF

### Count I – Disability Discrimination (ADA)

24.     Plaintiff realleges and incorporates Paragraphs 1-23 as if fully restated herein.

25.     Defendant discriminated against Plaintiff by demoting him due to his actual or perceived disabilities. Pursuant to 42 U.S.C. § 12112(a), it is an unlawful employment practice for a covered employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

26.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, emotional distress, and other damages.

### Count II – Failure to Accommodate (ADA)

27.     Plaintiff realleges and incorporates Paragraphs 1-26 as if fully restated herein.

28.     Plaintiff requested, or Defendant was on notice of the need for reasonable accommodations related to his disabilities.

29.     Defendant failed to engage in an interactive process or provide accommodations, instead disciplining and demoting Plaintiff. Pursuant to 42 U.S.C. § 12112(b)(5)(A), it is an unlawful employment practice for a covered entity to fail to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who

is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business."

30.    This failure to accommodate caused significant harm to the Plaintiff in violation of the ADA, and, as a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, emotional distress, and other damages.

### Count III – Retaliation in Violation of the ADA

31.    Plaintiff realleges and incorporates Paragraphs 1-30 as if fully restated herein.

32.    Plaintiff engaged in protected activity under the ADA when he notified Defendant of the nature of his disability and requested that Defendant take this into account before taking disciplinary action against him.

33.    Defendant demoted Plaintiff shortly thereafter, in retaliation for asserting his ADA rights. This conduct violates 42 U.S.C. § 12203(a).

34.    As a result, Plaintiff has suffered damages including emotional distress, reputational harm, and lost income.

### Count IV – Violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794)

35.    Plaintiff realleges and incorporates Paragraphs 1-34 as if fully restated herein.

36.    At all relevant times, Plaintiff was an individual with disabilities, including ADHD, anxiety, PTSD, OCD, and depression, which substantially limit one or more major life activities, including but not limited to communicating, concentrating, thinking, sleeping, and working.

37.    Plaintiff was qualified for his position with Defendant, with or without reasonable accommodation, and was capable of performing the essential functions of his job.

38.    Defendant is a recipient of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and is thus subject to the nondiscrimination provisions of that statute.

39.    At all times relevant to this Complaint, Defendant knew of Plaintiff's disabilities and the side effects associated with his prescribed medications, including intermittent slurred speech.

40.    Despite this knowledge, and despite being placed on actual notice following the January 2023 student complaint, Defendant failed to explore or provide reasonable accommodations. Instead, Defendant demoted Plaintiff based on behavior directly attributable to his disabilities and their known manifestations.

41.    Defendant also failed to engage in the interactive process required to identify reasonable accommodations before taking adverse employment action against Plaintiff.

42.    Defendant's conduct constitutes unlawful disability discrimination in violation of Section 504 of the Rehabilitation Act, which prohibits recipients of federal financial assistance from excluding, denying benefits to, or otherwise discriminating against qualified individuals with disabilities solely by reason of such disabilities.

43.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, diminished future earnings, emotional distress, reputational harm, and other non-economic and consequential damages.

44.    Defendant's discriminatory conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Levenstam respectfully requests that this Court enter judgment in his favor and against Defendant Purdue University Global, Inc. and grant the following relief:

A. A declaration that the Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794;

B. Injunctive relief, including but not limited to reinstatement to Plaintiff's previous position or a comparable position for which he is qualified, or, in the alternative, front pay in an amount to be determined at trial;

C. An award of back pay, lost benefits, and other economic damages resulting from Plaintiff's demotion in an amount to be determined at trial;

D. Compensatory damages for emotional distress, mental anguish, reputational harm, and other non-economic losses in an amount to be determined at trial;

E. Punitive damages to the extent allowed under the Americans with Disabilities Act in an amount to be determined at trial;

F. An award of reasonable attorneys' fees and the costs of this action pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b);

G. Pre-judgment and post-judgment interest as allowed by law; and

H. Any other legal or equitable relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

*/s/ R. Eric Sanders*
R. Eric Sanders (#30420-89)
Adam Lenkowsky (#24277-49)
Evan Gregory (#39410-02)
ROLFES HENRY CO., LPA
22 E. Washington St., Ste. 600
Indianapolis, IN  46204
Tele:       317.608.6062
esanders@rolfeshenry.com
alenkowsky@rolfeshenry.com
egregory@rolfeshenry.com
*Attorneys for David Levenstam*